## Illinoi W. Hess by B. F. Kagy, Conservator, Appellee, v. Marvin J. Griffith, Appellant.

### (Not to be reported in full.)

Appeal from the Circuit Court of Fayette county; the Hon. JAMES C. McBRIDE, Judge, presiding. Heard in this court at the October term, 1913. Affirmed. Opinion filed May 1, 1914.

### Statement of the Case.

Proceeding upon a hearing of objections filed to the final report of Marvin J. Griffith as conservator of Illinoi W. Hess, an insane person. The hearing was had in the Circuit Court of Fayette county where the case had been transferred from the County Court by agreement of the parties. It appeared that Griffith was appointed conservator of Mrs. Hess Aug. 8, 1904, when she was adjudged insane and that afterwards she was duly adjudged restored to reason and that Griffith filed his final report on July 1, 1912, having acted as conservator from his appointment to that date. The court found that a just and reasonable compensation to the conservator for his services was $750, an amount equal to $100 a month for the first seven and one-half months, and an amount equal to $200 a

month for the balance of the time, making a total of $18,250 for his services for seven years and eleven months. The court also found that the conservator had received interest at the rate of six per cent. per annum on the funds of the estate during said period, and had only accounted for three per cent. in his annual reports, retaining the balance, amounting to $30,907 as compensation; that deducting the amount found to be due as reasonable compensation from the amount retained by him there was a balance of $12,-657.39 in the hands of the conservator not accounted for by him; that there was no evidence that the amount paid out by him for attorneys' fees was unreasonable; that the objection to each report as to the compensation allowed or retained by the conservator for his compensation was sustained, and it was ordered that the conservator pay to Illinoi W. Hess said sum of $12,657.39, with five per cent. interest thereon. From the order so entered, the conservator appeals.

Appellant urges as ground for reversal: (1) That as there was no fraud, concealment or mistake connected with the annual reports made by him, there can be no review of the same on a final hearing; (2) that Mrs. Hess being rational and having a true comprehension of her business affairs and knowing and agreeing to appellant's charges cannot be heard to object notwithstanding he was acting as conservator; (3) that three per cent. per annum was a reasonable and just compensation for the services rendered by him and that he should be permitted to retain that amount.

BROWN & BURNSIDE and NOLEMAN & SMITH, for appellant.

ALBERT & MATHENY and WILL P. WELKER, for appellee.

MR. JUSTICE HIGBEE delivered the opinion of the court.

## Abstract of the Decision.

1. INSANE PERSONS, § 29*—*when failure of conservator to include interest in his report constitutes actual fraud.* Where a conservator receives a large amount of interest and fails to include the same in his annual report and retains the omitted interest, such constitutes a legal fraud against the ward, though the court approved the report and though the conservator did not intend any actual fraud.

2. INSANE PERSONS, § 29*—*conclusiveness of annual reports made by conservator.* Annual report made by a conservator, while prima facie correct, do not prevent a full investigation of his accounts when he presents his final report and asks for a discharge, nor is the court prevented from causing the conservator's accounts to be recast because of the fact that the ward signified her satisfaction with his conduct and her desire to have him continue in the transaction of her business.

3. INSANE PERSONS, § 30*—*when compensation allowed conservator is reasonable.* An allowance to a conservator of $18,250 for services during seven years and eleven months, *held* a reasonable compensation, in view of the evidence, such sum being more than one per cent. per annum on the estate managed by him.